Note: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-7264

EDWARD M. KAPLAN,

Claimant-Appellant,

v.

JAMES B. PEAKE, M.D., Secretary of Veterans Affairs,

Respondent-Appellee.

Darla J. Lilley, of Hughes Springs, Texas, for claimant-appellant.

Dawn S. Conrad, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With her on the brief were Jeffrey S. Bucholtz, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Todd M. Hughes, Deputy Director. Of counsel on the brief were David J. Barrans, Deputy Assistant General Counsel, and Michelle Doses Bernstein, Attorney, United States Department of Veterans Affairs, of Washington, DC.

Appealed from: United States Court of Appeals for Veterans Claims

Judge Robert N. Davis

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-7264

EDWARD M. KAPLAN,

Claimant-Appellant,

v.

JAMES B. PEAKE, M.D., Secretary of Veterans Affairs,

Respondent-Appellee.

Appeal from the United States Court of Appeals for Veterans Claims in 03-1894, Judge Robert N. Davis.

_____

DECIDED: March 6, 2008

_____

Before LOURIE, LINN, and PROST, <u>Circuit Judges</u>.

PER CURIAM.

Edward M. Kaplan appeals from the decision of the United States Court of Appeals for Veterans Claims ("the Veterans Court") affirming the decision of the Board of Veterans' Appeals ("the Board") that denied his claim of clear and unmistakable error ("CUE") in a prior 1984 decision by the Board. Kaplan v. Nicholson, No. 03-1894 (Vet. App. Feb. 28, 2007). Because the Veterans Court made no error of law, we affirm.

BACKGROUND

Kaplan served on active duty in the Air Force from May 1966 to March 1970. His enlistment examination in May 1966 showed no complaints or findings regarding a psychiatric disability. In September 1968 or shortly thereafter, Kaplan was sent to a service department hospital to receive treatment for a variously described nervous disorder. He was discharged from the hospital in early November 1968. During his separation exam in March 1970, Kaplan denied having psychiatric illness, and a clinical evaluation revealed normal psychiatric status.

In March 1970, Kaplan filed a claim for benefits based upon various symptoms including dizzy spells and headaches. In May 1970, the Department of Veterans Affairs ("VA") regional office ("RO") denied his claim as arising from a congenital developmental personality abnormality that was not compensable. He did not appeal the 1970 decision. In January 1982, he asked the VA to reopen his claim. In March 1982, the VA informed Kaplan that new and material evidence demonstrating that his nervous condition was incurred in or aggravated by military service was necessary to reopen his claim. In March 1983, a VA medical examination resulted in a diagnosis of generalized anxiety disorder of an indeterminate extent. In March 1984, the Board remanded Kaplan's claim to allow the VA to conduct a special psychiatric examination. In May 1984, an examination pursuant to the remand diagnosed Kaplan with anxiety depression, some paranoid thinking, agoraphobia, and borderline personality disorder, and recommended a grant of service connection. Following the psychological evaluation, the RO denied Kaplan's claim. Kaplan appealed the RO's decision to the Board.

In December 1984, the Board denied Kaplan's appeal on the merits, finding that a chronic acquired psychiatric disorder was not demonstrated during active service and that such disability was first manifested many years following separation from service. The Board noted that Kaplan's hospitalization during service appeared to be a single acute incident rather than the onset of chronic disability in light of his ability to return to duty and his normal status at the time of discharge.

Kaplan then moved for reconsideration, which, in March 2003, the Board denied. Also in March 2003, Kaplan filed a motion for revision of the 1984 decision on the basis of CUE, alleging that the Board failed to apply 38 C.F.R. § 3.303(d) in its decision and improper reliance on the Board's own medical opinion. The Board denied the CUE claim in July 2003, stating that the failure to specifically cite subpart (d) of § 3.303 was not a basis for CUE given that the Board had reviewed all the evidence of record; Kaplan appealed that decision to the Veterans Court.

The Veterans Court affirmed the Board's denial of the CUE claim. The Veterans Court concluded that under the law at the time of the Board's 1984 decision, it was not error for the Board to rely on its own medical judgment to determine that the diagnosis of a congenital personality disorder in 1968 and the normal psychiatric status at the time of separation were more probative than the 1984 medical opinion with respect to a finding of service connection. The court further concluded that even if the failure to specifically cite 38 C.F.R. § 3.303(d) was error, it did not rise to the level of CUE because there had been no showing that the outcome would have been manifestly different in the absence of the error. The court thus concluded that the Board's decision finding no CUE in the 1984 decision was not arbitrary, capricious, an abuse of

discretion, or otherwise not in accordance with law. Kaplan timely appealed to this court. We have jurisdiction pursuant to 38 U.S.C. § 7292.

In November 1995, Kaplan filed a motion to reopen his claim for service connection for schizophrenia based upon new and material evidence. In March 1996, the RO denied his claim. Ruling on his appeal of that decision in August 1997, the Board found that Kaplan had presented new and material evidence supporting a grant of service connection for acquired psychiatric disorder. In September 1997, the RO granted service connection for schizophrenic reaction, paranoid type, rated at thirty percent disability, with an effective date of November 30, 1995. In March 2000, the RO increased Kaplan's disability rating to 100 percent, with the same effective date. That determination is not before us.

## DISCUSSION

Kaplan argues that the Board committed CUE in its December 1984 decision by requiring him to prove continuity of symptoms despite the language of § 3.303(d) stating that a veteran need not show continuity of symptoms to establish service connection if all the evidence, including that pertinent to service, establishes that the disease was incurred in service. He argues that the Veterans Court made an error of law in concluding that the Board could rely upon its own unsubstantiated medical opinion as evidence contrary to the 1984 medical opinion, thereby preventing the application of § 3.303(d). He argues that this error was outcome determinative because there is no contrary evidence other than the Board's unsubstantiated medical opinion to weigh against all the evidence favoring his claim.

The government responds that the Board's consideration of continuity of symptoms under 38 C.F.R. § 3.303(b) dealing with chronic disease does not mean that the Board also required continuity under subsection (d). The government argues that the Board properly weighed the evidence under the subsection (d) standard and found that other medical evidence in the record, the diagnosis of a congenital personality disorder and a normal discharge psychological evaluation, were more probative than the 1984 medical examination's conclusion that the nervous disorder was service connected. The government also argues that this court lacks jurisdiction to review the application of law to the facts of this case. The government argues that the Veterans Court did not rely on its own medical opinion in this case, but, even if it had, it was common practice for the Board to apply the expertise of the panel members prior to the Veterans Court's decision in Colvin v. Derwinski, 1 Vet. App. 171 (1991), and a change in interpretation of the law cannot constitute CUE.

In reviewing decisions of the Veterans Court, we are empowered to "decide all relevant questions of law, including interpreting constitutional and statutory provisions." 38 U.S.C. § 7292(d)(1). Our review thus includes questions of law, which we review de novo. Bailey v. West, 160 F.3d 1360, 1362 (Fed. Cir. 1998) (en banc). However, except to the extent that an appeal presents a constitutional issue, we may not review a challenge to a factual determination or a challenge to a law or regulation as applied to the facts of a particular case. 38 U.S.C. § 7292(d)(2).

"[I]n order to constitute CUE, the alleged error must have been outcome determinative; second, the error must have been based upon the evidence of record at the time of the original decision." Cook v. Principi, 318 F.3d 1334, 1344 (Fed. Cir. 2002)

(en banc) (citations omitted). "Review for clear and unmistakable error in a prior Board decision must be based on the record and the law that existed when that decision was made." 38 C.F.R. § 20.1403(b)(1).

We agree with the government that the Veterans Court did not fail to properly interpret 38 C.F.R. § 3.303(d). Section 3.303(d) provides that "[s]ervice connection may be granted for any disease diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that the disease was incurred in service." Nowhere does the Veterans Court's opinion state that 38 C.F.R. § 3.303(d) requires a showing of continuity of symptoms. Rather, the court concluded that even in light of the interpretation of 38 C.F.R. § 3.303(d) advocated by Kaplan, the Board properly applied the regulation because there was evidence in the record such as the diagnosis of a congenital personality disorder and a normal discharge psychological evaluation that could be interpreted as medical evidence unfavorable to him. This determination regarding the Board's application of the regulation in its 1984 decision involves the application of law to the facts of this case—a determination that we do not have jurisdiction to review.

While it is not clear that the Board relied on its own medical expertise in the 1984 decision, we also agree with the government that it would not have been error for the Veterans Court to conclude that the Board could have relied upon its own medical opinion at the time of the 1984 opinion. "Clear and unmistakable error does not include the otherwise correct application of a statute or regulation where, subsequent to the Board decision challenged, there has been a change in the interpretation of the statute or regulation." 38 C.F.R. § 20.1403(e). While arguing that the interpretation of the

relevant statutes at the time of the 1984 decision was incorrect, Kaplan fails to demonstrate that it was not accepted interpretation of the law at that time that the Board could rely upon its own medical expertise and that it was not until <u>Colvin</u>, long after the 1984 decision was final, that that interpretation changed.

Because Kaplan fails to establish any error of law by the Veterans Court, we <u>affirm</u>.